IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON,<br>                Plaintiff,<br><br>   vs.<br><br>RANDAL B. TODD, *Individually*;<br>ADMINISTRATOR; PRESIDENT<br>JUDGE; JOHN PITTMAN; STEVEN<br>ZAPPALA, JR.; THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA,<br>                Defendants. | Civil Action No. 13-1462<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

### II. REPORT

   A. Relevant Procedural History

Lynne Thompson ("Petitioner"), a state prisoner, has filed this Petition seeking to challenge four different convictions for writing bad checks. Her convictions were obtained in the Court of Common Pleas of Allegheny County in the following cases: (1) Commonwealth v. Thompson, No. CP-02-CR-0011580-2010; (2) Commonwealth v. Thompson, No. CP-02-CR-0015416-2010; (3) Commonwealth v. Thompson, No. CP-02-CR-0015465-2010; and (4)

Commonwealth v. Thompson, No. CP-02-CR-0002158-2011.[2]  The present Petition is the second Section 2254 petition that Lynne Thompson has filed attacking the same convictions. The prior Section 2254 petition was filed at Lynne Thompson v. Commonwealth, No. 12-cv-1415 (W.D. Pa. 10/1/2012) ("the First Petition") and was dismissed without prejudice for failure to exhaust state court remedies because, at the time of the filing of the First Petition, Petitioner had pending a Post Conviction Relief Act ("PCRA") Petition in the Allegheny County Court of Common Pleas.  Id. (ECF No. 11).   We take further note that on August 30, 2013, Petitioner filed a Motion to Reopen the First Petition,  due to "procedure defect in State Court. . ." Id. (ECF No. 12).  The Motion to Reopen was denied on September 5, 2013 because at the time Petitioner filed the Motion to Reopen, she had still not exhausted her state court remedies.  Id. (ECF No. 13).

The state court criminal dockets reveal that Petitioner filed one petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA petition") in all four of the cases.  The dockets reveal that she filed the PCRA petition on May 30, 2012.   Apparently, Attorney Charles Pass was appointed to represent her and he filed a Motion to Withdraw on June 26, 2012, along with a "no-merit" brief in support of the Motion.   On October 30, 2012, the Court of Common Pleas of Allegheny County granted the Motion to Withdraw and on that same date issued a Notice of Intent to Dismiss the PCRA petition.   The dockets also reveal that on December 19, 2012, Judge Randall Todd, who had presided over Petitioner's criminal proceedings leading to her conviction, denied the PCRA petition.

---

[2]  The Court takes judicial notice of the foregoing criminal dockets of the Court of Common Pleas of Allegheny County which are available at
     http://ujsportal.pacourts.us
(Site last visited 11/4/2013).

On January 4, 2013, Petitioner filed a notice of appeal to the Superior Court. We take judicial notice of the docket of the Pennsylvania Superior Court in Petitioner's appeal filed at Commonwealth v. Thompson, No. 232 WDA 2013 (Pa. Super.)[5] which reveals that Petitioner filed a series of motions in the Superior Court since her filing of the appeal, all of which were promptly ruled on by the Superior Court. Specifically, on February 20, 2013, she filed an Application for Writ of Habeas Corpus which was denied on February 22, 2013. On March 22, 2013, Petitioner filed an Application to Vacate, which was denied by the Superior Court on April 2, 2013. On April 8, 2013, Petitioner filed an Application to Dismiss, which the Superior Court denied on April 12, 2013. In the meantime, on April 8, 2013, the Superior Court filed a Notice to the Court of Common Pleas indicating that Petitioner's criminal case record which was supposed to be delivered to the Superior Court was delinquent. On April 15, 2013, Petitioner filed an Application for Prohibition, which the Superior Court denied on April 19, 2013.

Previously, on March 27, 2013, the PCRA trial court ordered Petitioner to file a Concise Statement of Errors Complained of on Appeal. Petitioner then filed an Application For Extension of Time to File her Statement of Errors Complained of on Appeal with the Superior Court on April 29, 2013. The Superior Court denied the Application on May 2, 2013, however, the Motion for Extension of Time was denied without prejudice to seeking relief in the PCRA trial court. On May 20, 2013, Petitioner filed in the PCRA trial court a Motion for Extension of Time To File the Statement of Errors Complained of on Appeal. On September 27, 2013, Petitioner filed in the Superior Court an Application for Extraordinary Relief. On October 4, 2013, the Superior Court denied Petitioner's Application for Extraordinary Relief, noting that:

---

[5] Those dockets are available at:
http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=232+WDA+2013
(site last visited 11/4/2013).

> Upon consideration of appellant Thompson's September 27, 2013 "Motion for Extraordinary Relief" wherein appellant requests that this Court "set[] this sentence aside; vacate; dismissal forwhat [sic] ever this Court deems just in the interest of justice," the motion is DENIED.
> As the record was due in this Court on March 5, 2013, and has not yet been received the trial court is directed to complete, certify, and transmit the certified record to this Court forthwith.

Commonwealth v. Thompson, 232 WDA 2013 (Pa.Super. Order entered Oct. 4, 2013). On November 1, 2013, Petitioner filed in the Superior Court a Motion for Reconsideration of the Superior Court's October 14, 2013 Order denying Petitioner's Application for Extraordinary Relief. That Motion for Reconsideration is currently pending in the Superior Court.

As to the instant habeas Petition, the Clerk of Court received the Petition on October 8, 2013. Although Petitioner raises many issues in her Petition, she cannot escape the fact that she has a presently pending appeal in the Superior Court and consequently, that she has not yet exhausted her state court remedies. Although she does not explicitly argue that exhaustion should be excused, we deem her to be, in effect, making such an argument. However, we find that Petitioner has failed to carry her burden to show that exhaustion should be excused.

### B. Rule 4 pre-service dismissals

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts,

> sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of the dockets in Petitioner's four criminal cases in the Court of Common Pleas of Allegheny County and her currently pending appeal in the Pennsylvania Superior Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition will be dismissed pre-service because Petitioner failed to exhaust her state court remedies given that she has a currently pending appeal in the Pennsylvania Superior Court from the denial of her PCRA petition, which attacked the very same convictions which she seeks to attack via the present Petition. Williams v. Wynder, 232 F. App'x 177 (3d Cir. 2007) (affirming District Court's order, dismissing the Section 2254 habeas petition prior to service for failure to exhaust).

**C. Discussion**

**1. Petitioner did not exhaust her state court remedies.**

Congress has provided in 28 U.S.C. § 2254 that:

5

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State;
>     . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In considering Petitioner's First Petition, this Court previously ruled that Petitioner had not exhausted her state court remedies. We rely on the same analysis to again conclude that Petitioner has still not exhausted her state court remedies given the pendency of her appeal in the Pennsylvania Superior Court. <u>Lynne Thompson v. Commonwealth</u>, No. 12-cv-1415 (W.D. Pa. ECF No. 8 (Report recommending denial of First Petition as unexhausted) and ECF No. 11 (Order adopting Report)).

## 2. Petitioner has not shown exhaustion should be excused.

In contrast to the First Petition, where Petitioner only argued that she had exhausted her state court remedies, we deem Petitioner in the current Petition to be arguing that exhaustion should be excused either because exhaustion is futile, or because there is excessive delay in the state court proceedings. We find that Petitioner has not carried her burden to show either futility or excessive delay.

### a. Exhaustion is not futile.

Petitioner seemingly argues that exhaustion should be excused because exhaustion is futile. <u>See</u>, <u>e.g.</u>, ECF No. 1 at 5 ("Just recently a Motion for Extraordinary Relief was filed for Due Process [violation which has] Occurred [sic] Discrimination; all of the Motions to try to get some relief [and] nothing has happened." We take judicial notice that it is not true that "nothing has happened." In fact, the Pennsylvania Superior Court has considered each of Petitioner's multitude of motions and has ruled on them in a timely manner. Only Petitioner's most recent

6

Motion for Reconsideration, which was only filed on November 1, 2013, remains pending in the Superior Court.

Moreover, Petitioner appears to suggest it would be futile for her to exhaust her state court remedies by pursuing her appeal in the Superior Court. She seems to argue that because her many motions in the Superior Court, which apparently echo the arguments that she will make in her appellate brief, have been denied, it would be futile for her to proceed with her appeal and so exhaustion should be excused. We are not convinced.

The United States Court of Appeals for the Third Circuit rejected a similar argument for excusing exhaustion. In the case of Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), the District Court granted relief to a petitioner who challenged the denial of parole on ex post facto grounds by the Pennsylvania Board of Probation and Parole (the "Board"). The District Court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an ex post facto claim in the Pennsylvania courts. The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an ex post facto claim. "[S]tate courts should have been given the opportunity to review [a petitioner's] ex post facto claim ...." 429 F.3d at 64. The Court of Appeals explained its rationale as follows:

> he [i.e., Parker, the habeas petitioner] argues that the state's highest court has repeatedly denied claims identical to his own on the merits. He argues that the futility doctrine should be extended to cases such as his where there appears to be no possibility of success on the merits of his claim in state court.
> To answer the question whether the futility of a claim on the merits renders that claim exhausted, we begin with the Supreme Court's decision in *Engle v. Isaac*, 456 U.S. 107 (1982). In that case, the Court addressed the question--analogous to the question presented in this case--whether a petitioner who had procedurally defaulted a claim in state court could prove "cause" to excuse his default if his claim would have been futile on the merits in state court. 456 U.S. at 130; *see also Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (applying *Engle* to question whether failure to present claim in state court because

7

of inability to obtain "successful result" in state court was grounds for excusing failure to exhaust claim).

      The habeas petitioners in *Engle* had forfeited their objection to a jury instruction by failing to object to the instruction at trial. *Id*. at 112- 17. Addressing the question whether the petitioners' failure to raise their claim in state court before raising the claim in their federal habeas petitions rendered the claim unexhausted, the Court stated:

> "We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."

*Id*. at 130. The Court went on to state that futility on the merits did not constitute cause for failure to raise a claim in state court merely when the claim "was unacceptable to that particular court at that particular time." *Id*. at n. 35 (citations and quotation marks omitted).

      Our sister Circuits that have considered the issue have similarly concluded that the exhaustion requirement is not excused merely because a petitioner's claim will likely be denied on the merits in state court. *See Jones*, 329 F.3d at 295 ("[T]he fact that the [state court] may have been unlikely to grant habeas relief on his [constitutional claim] does not cure his failure to have raised it in state courts."); *Minter*, 230 F.3d at 666 (refusing to excuse failure to raise claim in state court, observing that while effort to obtain state court relief may have been "incapable of producing a successful result, the effort [of raising the claim in state court] was still possible"); *Scott v. Mitchell*, 209 F.3d 854, 871 (6th Cir. 2000) (observing that Supreme Court has rejected argument that claim's futility on the merits excuses failure to raise claim in state court); *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993) ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably."); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) (concluding that "apparent futility" of presenting claims in state court did not excuse failure to do so); *Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996) (declining to excuse failure to exhaust claims in state court; "[e]ven if it was unlikely that [petitioner's] claim would have been well-received in state court, [petitioner] should have presented it").

Id., at 62 - 63.

If it was not futile to require the petitioner in Parker to exhaust state court remedies, notwithstanding the almost certain outcome of those proceedings given the principle of *stare*

8

*decisis* in the state courts, it cannot be futile to require Petitioner to present her claims to the Pennsylvania Superior Court in an appellate brief after full briefing in the normal course of an appeal. This is true even if the claims Petitioner wishes to raise in the appellate brief would be the same as the issues which she has raised in her many numerous motions filed in the Superior Court which were all denied.

The decision of the United States Court of Appeals for the Third Circuit in the case of Wallace v. Dragovich, 143 F. App'x 413 (3d Cir. 2005) is also instructive. In that case, just like here, the petitioner filed extraordinary motions/petitions/applications in the Pennsylvania Superior and Supreme Courts and argued that exhaustion was satisfied by the filing of these extraordinary motions. The Court of Appeals held that exhaustion was not satisfied by the filing of these extraordinary motions and reasoned as follows:

> As a threshold matter, at least as of the date the District Court dismissed the instant habeas petition, the Pennsylvania Superior Court and the Pennsylvania Supreme Court have not yet been presented with Wallace's direct appeal of the conviction. Although Wallace filed habeas petitions in both the Pennsylvania Superior and Supreme Courts, as well an Application for Extraordinary Relief in the Pennsylvania Supreme Court, these fail to satisfy the exhaustion requirement because exhaustion requires that "state prisoners ... give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's *established appellate review process*." O'Sullivan, 526 U.S. at 845 (emphasis added). The habeas writs and Application for Extraordinary Relief, by definition, bypass the normal appellate process and therefore fail to satisfy the exhaustion requirement of the federal habeas statute.

Id., at 417 (footnote omitted). Similarly, in the case at issue, Petitioner has not exhausted her state court remedies by the filing of these extraordinary motions in the Superior Court and, like the petitioner in Wallace v. Dragovich, she should be made to exhaust her state court remedies by presenting her issues in an appellate brief in the ordinary course even if the Superior Court rejected arguments made by Petitioner in the extraordinary motions, which will mirror arguments made in the appellate brief.

### b. Petitioner has not established excessive delay.

Petitioner also appears to argue that exhaustion should be excused because of excessive delay. See, e.g., ECF No. 1 at 8 ("Judge Todd has held this appeal up for four month(s) [sic]. He was supposed to write a brief [i.e., file an opinion in support of dismissing the PCRA petition, and] he has not done that, he held this case up where it looked like all state remedies had not been exhausted. . ."). However, a delay of merely four months is insufficient as a matter of law to constitute undue delay so as to justify excusing the exhaustion requirement.

First, it is Petitioner's burden to show inordinate delay. Wallace, 143 F. App'x at 417 ("we must decide whether to excuse the exhaustion requirement. To make this determination, we must first ascertain whether Wallace has established inordinate delay"). Furthermore, "[i]n deciding whether a delay is excessive, we do consider the degree of progress made in state court." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (citing Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002) (holding that a 27 month delay was not excessive given that a hearing was held and the petition was ruled upon)).

In this case, we find that Petitioner's complaint of a four month delay by the PCRA trial court in filing its opinion in support of dismissing the PCRA petition is insufficient to show inordinate delay. Initially, we note that Petitioner does not enlighten the Court as to how she calculates this delay of four months, i.e., when she starts to count the time and when she considers to have been the conclusion of the four months. Depending on when she starts this time, as for example after the date on which she requested an extension of time to file her Statement of Errors, some of the delay would be attributable to her. See Singleton v. Wynder, 485 F.Supp.2d 602, 606 (E.D.Pa., 2007) (suggesting that periods of the asserted delay which

were attributable to the habeas petitioner are not to be counted in determining whether the delay was inordinate).

We further note that the PCRA trial court ordered Petitioner on March 27, 2013, to file her Statement of Errors and that Petitioner, rather than seeking an extension of time to file such Statement of Errors in the PCRA trial court, filed in the Superior Court one month later on April 29, 2013 an Application for Extension of Time to File the Statement of Errors, which was denied on May 2, 2010 without prejudice to filing such a request in the PCRA trial court. Waiting until May 29, 2013, Petitioner finally filed such a motion in the PCRA trial court. On August 14, 2013, an order was issued by the PCRA trial court regarding the Concise Statement.[6] To the extent that Petitioner has still failed to file her Statement of Errors Complained of on Appeal, much of the delay could be attributable to her. In the final analysis however, it may not matter because irrespective of whom the alleged four month delay is attributable to, it is apparent that the state court proceedings are progressing and that a delay of four months is insufficient.

It is quite apparent that movement is indeed occurring both in the PCRA trial court and in the Pennsylvania Superior Court where all of Petitioner's motions are being ruled upon in a timely fashion. Moreover, with the most recent Superior Court order on October 4, 2013, directing the PCRA trial court to "complete, certify and transmit the certified record to this Court forthwith", this Court is confident that more movement in Petitioner's PCRA proceedings in the PCRA trial court will occur shortly and that the PCRA trial court will file its opinion in support of the denial of PCRA relief soon. Superior Court Order of October 4, 2013. Even if however, the prediction for a speedy opinion from the PCRA trial court is not accurate, and there is a delay

---

[6] It is unclear from the PCRA trial court docket what the precise nature of this order was, i.e., whether it granted the requested extension of time or denied it or, if granted, how much of an extension was granted. We note though that as of the date of writing this, it does not appear that Petitioner has yet filed such a Statement of Errors Complained of on Appeal.

11

of several more months, such delay would still not appear to amount to an "inordinate delay" so as to justify excusing Petitioner from exhausting her state court remedies. Accordingly, we find that Petitioner has failed to establish inordinate delay, as is her burden. Cf. Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002) (holding that a 27 month delay was not excessive given that a hearing was held and the petition was ruled upon); Singleton v. Wynder, 485 F.Supp.2d 602, 606 (E.D.Pa., 2007) ("In this case, the total time elapsed between Petitioner's filing of the PCRA petition on March 8, 2005 and the filing of his habeas petition in federal court on October 11, 2006 is nineteen months. In light of the cases cited above, this Court is unable to classify this delay as 'inordinate.'").

In light of the fact that Petitioner clearly has failed to exhaust her state court remedies and that she has also failed to carry her burden to show that exhaustion should be excused in this case, we find that Petitioner has failed to exhaust her state court remedies and that the Petition should be dismissed before being served. The dismissal is without prejudice to Petitioner filing a new habeas petition only upon the complete exhaustion of her state court remedies, which is to say, only upon the decision by the Superior Court of her currently pending appeal and upon the decision in any subsequent appeal, if any, to the Pennsylvania Supreme Court.

### D. Certificate of Appealability

Section 2253 generally governs appeals from District Court orders regarding Section 2254 habeas petitions. Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (C)(2). There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of

constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In resolving this difficulty, the Supreme Court in Slack v. McDaniel, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of the Petition for failing to exhaust state court remedies was correct and/or that Petitioner failed to carry her burden to show that exhaustion should be excused. Accordingly, a certificate of appealability should be denied. Because of this conclusion and the fact that the test for granting a certificate of appealability is conjunctive, this Court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies and she has further failed to carry her burden to show that the exhaustion requirement should be excused in her case. The certificate of appealability should be denied. Further, in light of these rulings, it is recommended that if the District Judge adopts this Report and Recommendation, that Petitioner's Motion For Retaliation Joinder, ECF No. 2, and Petitioner's Motion for Emergency Relief, ECF No. 3, be denied in that same order as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                            Respectfully submitted,

Date: November 4, 2013                            s/Maureen P. Kelly
                                                                       MAUREEN P. KELLY
                                                                        UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Nora Barry Fischer
          United States District Judge

          Lynne Thompson
          OT0636
          The Renewal Center
          704 2nd Ave.
          Pittsburgh, PA 15219